IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIONNE RHETT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Commissioner of Social Security | : | NO. 21-4899 |

### ORDER-MEMORANDUM

**AND NOW**, this 10th day of March, 2023, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Docket No. 10), Defendant's Response thereto, Plaintiff's Reply Brief, the Report and Recommendation of United States Magistrate Judge Craig Straw (Docket No. 20), Plaintiff's Objections thereto (Docket No. 21), and Defendant's Response to Plaintiff's Objections, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objections are **OVERRULED**.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. Plaintiff's Request for Review is **DENIED**.

The Administrative Law Judge ("ALJ") in this case denied Plaintiff Dionne Rhett's request for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, following a hearing at which Plaintiff appeared without representation. The ALJ found at step two of the sequential analysis that Plaintiff suffered from certain severe impairments, including disorders of the spine, bilateral knees and right shoulder, primary headache disorder, and obesity, and that Plaintiff also suffered from depression and anxiety, but that these mental impairments were not severe. Ultimately, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain limitations and thus, was not disabled.

In her Request for Review, Plaintiff primarily argues that the ALJ did not obtain a valid waiver of representation, did not fulfill his duty to adequately develop a record concerning

Plaintiff's mental limitations, and did not properly consider those mental limitations in his disability analysis. Secondarily, Plaintiff argues that (1) the ALJ's RFC assessment was flawed because it did not take into adequate consideration the medical limitations on Plaintiff's use of her right arm, and (2) the ALJ erred in failing to offer her an opportunity to cross examine the Vocational Expert ("VE"). In his Report and Recommendation ("R&R"), Magistrate Judge Straw recommends that we deny Plaintiff's Request for Review in its entirety. Plaintiff has filed Objections to the R&R.

Judicial review of the Commissioner of Social Security's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (citing 42 U.S.C. § 405(g)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brownawell, 554 F.3d at 355 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)) (additional citation omitted). In contrast, the ALJ's legal conclusions are subject to plenary review. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (citation omitted). We review de novo those portions of a Magistrate Judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

Plaintiff first objects to the Magistrate Judge's recommendation that the ALJ obtained a knowing and intelligent waiver of representation because the Social Security Administration ("SSA") sent Plaintiff six letters prior to the hearing that advised her, inter alia, that she had the right to representation and that any fee for such services could not be more than the lesser of 25% of past due benefits or $6000, and because the ALJ subsequently confirmed at the hearing that

Plaintiff understood her right to representation and wanted to go ahead with the hearing.[1] According to Plaintiff, the ALJ had an obligation to "go[] a step further" at the start of the hearing by further explaining Plaintiff's rights to her and offering to postpone the hearing to allow Plaintiff to obtain representation. (Pl.'s Objs. at 3.)

However, the United States Court of Appeals for the Third Circuit has not required ALJs to engage in extended colloquies with claimants to confirm that they understand their rights to representation. See Phifer v. Comm'r of Soc. Sec., 84 F. App'x 189, 190-91 (3d Cir. 2003) (per curiam) (finding plaintiff's waiver to be knowing and intelligent, stating that two SSA letters "alone" show that pro se claimant got adequate notice, and that there was "clearly" a voluntary waiver because plaintiff's mother answered "yes" when ALJ asked: "[S]ince you appeared without an attorney or qualified representative, I assume you want to proceed with the hearing without an attorney or a qualified representative?"). Moreover, where a claimant has been given notice of her rights, and has affirmatively waived those rights, the Third Circuit has only found the waiver to be inadequate where the plaintiff had significant mental limitations, such as a low IQ and learning disability Vivaritas v. Comm'r of Soc. Sec., 264 F. App'x 155, 158-59, 161 (3d Cir. 2008) (finding no knowing and intelligent waiver when plaintiff testified that she was "slow at learning" and in special education, and consultative examiner stated that plaintiff had an IQ in the low borderline range and "[c]learly . . . ha[d] learning difficulties"). Here, Plaintiff had a high school education that did not include special education, did not testify that she had any learning issues, and did not seek benefits based on a mental disability.

---

[1] At the hearing, the ALJ stated that he knew that Plaintiff "had a conversation with someone from social security [one month before the hearing], and they went over with [Plaintiff her] rights to representation at that time." (R.43.) Plaintiff specifically stated in response that she understood those rights. (Id.)

Plaintiff nevertheless argues that there is scattered evidence in the voluminous medical records that she had a pattern of emotional instability, including evidence that she believed that she knew more than her treating doctors, thereby indicating that her "decision to waive her right to counsel could have been based on an irrational belief that she knew more than any representative would."[2] (Pl. Objs. at 3.) However, under the law in this Circuit, which is discussed at greater length in the R&R, we cannot conclude that such evidence supports a conclusion that Plaintiff's waiver was the result of inadequate notice or was involuntary or unknowing. We therefore overrule Plaintiff's objection to this aspect of the R&R.

Plaintiff next objects to the Magistrate Judge's recommendation that the ALJ adequately developed the record concerning her mental impairments. Where a plaintiff proceeds pro se at an administrative hearing, the ALJ must assist the plaintiff to develop the evidentiary record and must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Reefer, 326 F.3d at 380 (quotation and citations omitted). At the same time "[t]he pro se status of a claimant does not convert the ALJ's role into that of the claimant's advocate." Kulik v. Kijakazi, Civ. A. No. 20-2344, 2022 WL 580454, at *6 (E.D. Pa. Feb. 24, 2022) (quoting Pryor v. Astrue, 2009 WL 890581, at *4 (W.D. Pa. 2009)). Whether an ALJ's inquiry is sufficient is a factual question that requires consideration of all of the surrounding circumstances. Reefer, 329 F.3d at 380 (stating that the ALJ's investigation must not be "wholly inadequate under the circumstances" and that adequacy is analyzed on a "case-by-case basis" (emphasis added)

---

[2] The great bulk of the evidence to which Plaintiff points in support of her assertion that she had a patten of emotional instability was obtained by the ALJ after the hearing and thus, could not have informed the ALJ's assessment to proceed with the hearing in the absence of Plaintiff's representation, much less informed any decision as to whether to engage in an extended colloquy. (See ALJ Op. at 1 (stating that the ALJ obtained Exhibits 14F-23F, i.e., R.1115-2073, after the hearing).)

(quotation and citation omitted)). A case that proceeded pro se should be remanded when an ALJ "has failed to exercise his authority to attempt to fill significant evidentiary gaps that are material to the disability determination." Rosa v. Colvin, 956 F. Supp. 2d 617, 622 (E.D. Pa. 2013) (quotation omitted); see also Livingston v. Califano, 614 F.2d 342, 345 (3d Cir. 1980) (permitting remand where "it is clear that the lack of counsel prejudiced the claimant or that the administrative proceeding was marked by unfairness due to the lack of counsel" (citations omitted)). Where there has been a valid waiver of counsel, the plaintiff bears the burden of showing that the ALJ inadequately developed the record. Vivaritas, 264 F. App'x at 158 (citations omitted).

Here, Plaintiff did not assert a claim based on mental impairments, but the ALJ nevertheless thoughtfully considered Plaintiff's documented diagnoses of anxiety and depression and concluded based on the record before him that her mental impairments were not severe because they did not result in "more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities." (R.24.) Plaintiff argues that the ALJ should have more deeply probed her mental status at the hearing in light of treatment notes, which Plaintiff characterizes as showing that she had "engaged in a pattern of unprovoked, argumentative, and confrontational behavior directed at medical professionals." (Pl.'s Objs. at 5.) Specifically, she argues that, because of the ALJ's access to these treatment notes, he should have assisted her in developing a mental impairment claim by asking her to explain (1) her employment history, which included 23 different employers in 19 years and a recent termination that she testified was wrongful, and (2) notations in her records about "explosive" episodes with medical providers. (Id. at 6-7.) However, as noted above, see supra, n.2, at the time of the hearing, the ALJ did not have the great bulk of the treatment notes on which Plaintiff relies and thus, Plaintiff cannot fault the ALJ for failing to use those notes to inform his questioning of Plaintiff at the hearing.

Moreover, Plaintiff does not suggest that her answers to the suggested questions, in conjunction with the submitted medical records, would have established that her mental impairment was severe or sufficient to establish disability. Nor does she suggest that there were additional existing medical records that the ALJ should have obtained that would have shed further light on her mental condition. Rather, she argues only that the existing medical records and her answers to these questions should have prompted the ALJ to order a psychiatric consultative exam to allow him to better evaluate the severity of her mental impairments and her resulting RFC.

As the Magistrate Judge recognized in his R&R, "the ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." Thompson v. Halter, 45 F. App'x 146, 149 (3d Cir. 2002) (citations omitted); see 20 C.F.R. § 404.1517. Furthermore, "[t]he decision to order a consultative examination is within the sound discretion of the ALJ." Thmpson, 45 F. App'x at 149 (citation omitted). Here, the ALJ determined that he had sufficient evidence to evaluate Plaintiff's documented mental impairments, and he relied on substantial evidence in the record to support his conclusion that the mental impairments caused only mild limitations in any functional area and thus, were non-severe. (R.24-25.) Among the evidence he considered that supported his conclusion was Plaintiff's own account that she had no difficulty getting along with friends, family, neighbors, and other authority, as well as references in the medical records that she, on most occasions, was cooperative, with normal mood, affect, and behavior. (R.25.)

Plaintiff argues that the ALJ should have nevertheless acknowledged and highlighted the evidence in the medical records that showed that she occasionally behaved poorly at medical appointments, e.g., demanding stronger pain medication (R.861, 974, 1367), and becoming angry

at medical staff when they would not schedule or perform procedures that she desired. (R.1457, 1452, 1343 1341, 1115)). In her view, this evidence demanded that the ALJ probe further by ordering a consultative exam. However, we simply will not find error in the ALJ's failure to exercise his discretion to order such an exam, where Plaintiff did not claim a mental health impairment, there was no medical evidence to support any functional limitations from any mental impairment, and the majority of Plaintiff's medical records reflected that she was cooperative with medical personnel and exhibited normal mood, affect, and behavior. For all of these reasons, we conclude that the ALJ did not err in failing to fill any evidentiary gaps that were material to the disability determination, and we overrule Plaintiff's overarching objections to the Magistrate Judge's recommendation that the ALJ fulfilled his duty to adequately develop the record.

Finally, Plaintiff objects to the Magistrate Judge's recommendations that (1) the ALJ's finding, in connection with his RFC assessment, that Plaintiff could use her right arm for frequent reaching was supported by substantial evidence, and (2) the ALJ's failure to advise Plaintiff of her right to cross-examine the VE did not prejudice Plaintiff. However, as the Magistrate Judge carefully documented in the R&R, there was substantial evidence in the record to support the ALJ's conclusion that Plaintiff could perform frequent reaching with her right arm, and Plaintiff's testimony regarding her limitations were not supported by the medical evidence. (R&R at 22-23.) Plaintiff does not develop any additional arguments in her Objections that would cause us, on de novo review, to conclude otherwise. And with respect to the VE, the Magistrate Judge correctly noted that the ALJ erred in failing to tell Plaintiff that she had a right to cross-examine the VE, but nevertheless recommended that Plaintiff was not prejudiced by this error. Indeed, even in her Objections, Plaintiff does not elaborate on how her pro se cross-examination would have produced evidence that would have changed the result of her request for disability benefits,

but instead simply argues that the lack of cross-examination resulted in a record that was not fully developed. As we have already concluded that the ALJ did not fail to fill any evidentiary gaps that were material to the disability determination, we necessarily overrule Plaintiff's Objection, which is grounded on a contrary premise.

In sum, on de novo review, we overrule all of Plaintiff's Objections to the R&R, and we approve and adopt the Magistrate Judge's R&R in its entirety.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.